IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| COURTNEY FLAHERTY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>　　　　Defendant. | Case No. **2:16-CV-85**<br><br>JUDGE: Hon. James L. Graham<br><br>**PLAINTIFF'S UNOPPOSED MOTION FOR AWARD OF INCENTIVE PAYMENT, ATTORNEY FEES AND EXPENSES, WITH ATTACHED MEMORANDUM AND DECLARATION** |

\* \* \*

Plaintiff respectfully moves this Court for an order awarding an incentive payment of $5,000.00, and attorney fees and expenses of $20,600.00. This motion is supported by the attached memorandum and affidavit. Counsel for Defendant has seen this motion and does not oppose it.

Respectfully Submitted,

*/s/ Gregory S. Reichenbach*
Gregory S. Reichenbach (0077876)
P.O. Box 711
Perrysburg, OH  43552-0711
(419) 529-8300
FAX: (419) 529-8310
Greg@ReichenbachLaw.com
Attorney for Plaintiff and the Class

## MEMORANDUM IN SUPPORT OF MOTION

### I. Introduction

On December 30, 2015, Plaintiff filed a class action complaint in the Court of Common Pleas for Union County, Ohio, alleging that Defendant had violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA"), by filing debt collection actions in Ohio jurisdictions in which the consumer debtors did not live at the time suit was filed, and in which the consumers had not signed contracts. (Doc. # 4).  The case was then removed by Defendant to this Court on January 29, 2016.  (Doc. # 1). The parties eventually agreed on a class settlement, filed with this Court on April 28, 2017. (Doc. # 19-1).  In Paragraph 27 of that agreement, Defendant agreed not to oppose any application for fees, cost and expenses by Class Counsel up to $20,600, and to pay that amount so long as the Court approves. As Plaintiff will demonstrate below, counsel has incurred attorney fees and costs exceeding $20,600; however, this motion only requests approval for the agreed-upon amount.

### II. Legal Basis for an Attorney Fee Award.

An award of attorney fees is mandatory in FDCPA cases where the Plaintiff obtains a judgment.  *Zagorski v. Midwest Billing Services, Inc.*, 128 F.3d 1164 (7th Cir. 1997).

Congress has legislated provisions in statutes such as the FDCPA, whereby prevailing parties may seek to recover attorney fees from their opposition, to encourage consumers to act as "private attorneys general." *Mann v. Acclaim Fin. Servs. Inc.*, 348 F.Supp.2d 923, 927 (S.D. Ohio 2004).  This encourages enforcement, and therefore encourages debt collectors to follow the law.  This is important in a regulatory setting where the Federal Trade Commission and other

regulatory agencies do not have the resources to enforce the FDCPA on a meaningful scale. Here, Defendant has agreed to pay Plaintiff's counsel a reasonable attorney fee and expense reimbursement, up to $20,600.00, pursuant to the settlement agreement, as approved by this Court. (Doc. # 19-1, ¶ 27).

The criteria for the award of attorney fees are set forth in *Blum v. Stevenson*, 465 U.S. 886 (1984), *Hensley v. Eckerhart*, 461 U.S. 424 (1983), *City of Burlington v. Dague*, 505 U.S. 557 (1992), and *Northcross v. Bd. of Ed. of Memphis School District*, 611 F.2d 624 (6th Cir. 1979). This Court summarized the "lodestar" approach – the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate – in *Alloys Intern., Inc. v. Aeronca, Inc.*, S.D. Ohio No. 1:10-CV-293, 2012 WL 5495180, *2 (Nov. 13, 2012) (Black, J.).

### III. The Requested Hourly Rate is Reasonable.

Attorney Gregory S. Reichenbach has represented Plaintiff in this case. His declaration, which includes his experience in consumer cases, is attached. Consumer litigation constitutes the vast majority of his practice.

The Supreme Court has held that attorney fees are to be "calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel." *Blum*, *supra*, 465 U.S. at 895. The hourly rate requested by Plaintiff meets that standard.

Plaintiff requests a conservative hourly rate of $375 per hour. The declaration supports this rate as being well below the median and average rates for class action consumer attorneys in the Columbus region. Reichenbach Decl., ¶ 19, citing the most recent United States

3

Consumer Law Attorney Fee Survey Report (2015-2016)[1] (finding that for the Columbus Ohio area, the median rate for attorneys handling consumer class actions is $475/hr. and the average rate for all consumer attorneys with 11-15 years of experience is $425/hr.).

Moreover, this Court's decisions provide further support for the reasonableness of the requested rate. For example, the Court approved hourly rates of $405.00 (for 2010), $430.00 (for 2011), and $465.00 as reasonable market rates for experienced counsel in southern Ohio in *Alloys Intern., Inc. v. Aeronca, Inc.*, S.D. Ohio No. 1:10-CV-293, 2012 WL 5495180, *3 (Nov. 13, 2012) (Black, J.).

The declaration of counsel shows that that he is experienced in litigating consumer cases in general and specifically class actions and Fair Debt Collection Practices Act cases.

### IV. The Hours Expended by Plaintiff's Counsel Were Reasonable.

Once the hourly rate has been determined, the next step is to calculate the hours reasonably expended on the action. *Northcross*, *supra*, 611 F.2d at 636-37, sets forth the procedure for doing so. The Court should rely primarily on the declarations of counsel in making a finding that counsel has spent a particular amount of time on the matter. The hours claimed need not be automatically accepted, but to the extent hours are rejected the Court must indicate some reason for its action. Hours may be cut for duplication and for padded or frivolous claims. Here, there are no such problematic issues, especially since there has only been one attorney representing Plaintiff and the class, and he is requesting less than his Lodestar amount in fees. Time spent for litigating the fee issue should also be included in the award.

---

[1] Available at: https://www.nclc.org/images/pdf/litigation/tools/atty-fee-survey-2015-2016.pdf (see pages 310-11).

*Weisenberger v. Huecker*, 593 F.2d 49 (6th Cir. 1979).

Mr. Reichenbach has submitted a declaration showing that he expended 59.0 hours on this case – a modest amount of time considering that it is a class action, which was litigated including discovery requests from both sides, and including nearly a year-long negotiation to reach a settlement. Class Counsel's lodestar is calculated as follows: 59.0 hours x $375/hr = $22,125.00.  Reichenbach Decl., ¶ 18. This time does not include the time that counsel will spend preparing for and attending the final fairness hearing, or time spent on future inquiries from class members.

Class Counsel has also incurred $281.76 in expenses, which includes a $435 filing fee in the State Court (minus a partial refund of $160.60 following removal), and $7.36 in postage. The total value of fees and expenses, even at the conservative rate, would be $22,132.36, but Class Counsel is requesting a further reduced award of $20,600.00, pursuant to the Settlement Agreement. The proposed fee award was negotiated only after relief to the class was settled, and in no way reduces the amounts the class members will receive.

**V. The Class Representative's Request For An Incentive Award Is Reasonable And Warranted By The Circumstances Of This Case.**

The Settlement Agreement provides for a modest incentive award to the named Plaintiff in the amount of $5,000. [Settlement Agreement, Doc. 19-1, par. 24]. This award is intended to recognize the time and effort that the Plaintiff has invested in the case on behalf of the Class. "Courts routinely approve incentive awards to compensate named plaintiffs for the services they provide and the risks they incurred during the course of the class action litigation." *In re Southern Ohio Correctional Facility*, 175 F.R.D. 270, 272 (S.D. Ohio 1997). *See Enter. Energy*

*Corp.,* 137 F.R.D. at 251 (approving incentive awards of $50,000 to each of the class representatives out of a settlement fund of $56.6 million); *In re Dun & Bradstreet,* 130 F.R.D. 366, 373-74, (S.D. Ohio 1990) (approving incentive awards ranging from $35,000 to $55,000 out of a $18 million settlement fund); *Brotherton v. Cleveland,* 141 F.Supp.2d 907, 913-14 (S.D. Ohio 2001) (granting a $50,000 incentive award out of a $5.25 million fund). The amount requested here is much smaller, which is appropriate to the nature of this case, and the time and risk involved.

  In this case, the Class Representative: (1) assisted counsel in investigating and substantiating the claims alleged in this action; (2) assisted in the preparation of the complaint; (3) reviewed pleadings, correspondence, other documentation received from Class Counsel in order to keep themselves apprised of the progress of the litigation; (4) spent substantial time providing discovery responses, and (5) spent substantial time assisting in negotiations., as well as the settlement proposal. Reichenbach Decl., ¶ 21. Moreover, as with any party who files a civil action, the Class Representative undertook the financial risk that, in the event of a judgment in favor of Defendant in this action, she could have potentially been personally saddled with the costs awarded in favor of Defendant, and received nothing. The Named Plaintiff has been patient and loyal to the class, foregoing any attempt to reach an individual settlement which could have been more lucrative for her personally, and instead insisted on obtaining class relief first.

  The requested incentive award was described in the Notice to the Settlement Class. No Settlement Class Member objected to the incentive award being requested. The incentive award was negotiated only after relief to the class was settled, and in no way reduces the amounts the class members receive. In light of the work that the Class Representative performed on behalf of

Settlement Class Members, and the Settlement Class Members' response to the settlement, the requested incentive award is reasonable and appropriate to the resolution of this case.

### IV. Conclusion

Based on the above authority, Plaintiff requests that this Court award Plaintiff an incentive award of $5,000.00 and attorney fees and expenses of $20,600.00, both as agreed to by Defendant. Counsel will provide a proposed final entry to the Court following the October 16, 2017 final fairness hearing, unless the Court prefers otherwise.

Respectfully Submitted,

*/s/ Gregory S. Reichenbach*
Gregory S. Reichenbach (0077876)
P.O. Box 711
Perrysburg, OH 43552-0711
(419) 529-8300
FAX: (419) 529-8310
Greg@ReichenbachLaw.com
Attorney for Plaintiff and the Class

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of September, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>*/s/ Gregory S. Reichenbach*
>Gregory S. Reichenbach (0077876)
>Attorney for Plaintiff and the Class